1   Humberto M. Guizar, Esq., (SBN 125769)
    E-mail: herito@aol.com
2   Kent M. Henderson Esq., (SBN 139530)
    hendolaw@gmail.com
3   Angel Carrazco, Jr. (SBN 230845)
    angel@carrazcolaw.com
4   GUIZAR, HENDERSON & CARRAZCO, L.L.P.
    18301 Irvine Blvd. Tustin, CA 92780
5   Tel: (714) 541-8600
    Fax: (714) 541-8601

6

7   Attorneys for Plaintiffs

8

9                    **UNITED STATES DISTRICT COURT**

10           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

11   A.G.1., a minor, by and through her    )   Case No:
12   Guardian Ad Litem SERENA URIBE,        )
     individually and as heir at law and    )   **PLAINTIFFS' COMPLAINT FOR**
13   successor in interest to RAYMOND       )   **DAMAGES FOR:  VIOLATION OF**
14   ANGEL GONZALEZ; A.G.2., a              )   **FEDERAL CIVIL RIGHTS (42**
     minor, by and through her Guardian     )   **USC § 1983) AND**
15   Ad Litem SERENA URIBE,                 )   **SUPPLEMENTAL STATE LAW**
16   individually and as heir at law and    )   **CLAIMS**
     successor in interest to RAYMOND       )
17   ANGEL GONZALEZ; A.G.3., a              )   1.  VIOLATION OF CIVIL
18   minor, by and through her Guardian     )       RIGHTS UNDER COLOR OF
     Ad Litem SERENA URIBE,                 )       LAW (42 USC § 1983);
19   individually and as heir at law and    )   2.  SUPERVISORIAL
20   successor in interest to RAYMOND       )       RESPONSIBILITY FOR
     ANGEL GONZALEZ; A.G.4., a              )       VIOLATIONS FOR THE
21   minor, by and through her Guardian     )       FOURTH AND FOURTEENTH
22   Ad Litem SERENA URIBE,                 )       AMENDMENT RIGHTS OF
     individually and as heir at law and    )       PLAINTIFF;
23   successor in interest to RAYMOND       )   3.  MUNICIPAL LIABILITY FOR
24   ANGEL GONZALEZ; R.A.G.J., a            )       VIOLATION OF
     minor, by and through his Guardian     )       CONSTITUTIONAL RIGHTS;
25   Ad Litem AMALIA ALCANTAR,              )   4.  SUBSTANTIVE DUE
26   individually and as heir at law and    )       PROCESS (42 USC § 1983);
     successor in interest to RAYMOND       )   5.  DEPRIVATION OF CIVIL
27   ANGEL GONZALEZ; and ALICE              )       RIGHTS - FAILURE TO
28   GONZALEZ, an individual,               )       PROVIDE MEDICAL CARE
                                            )       (42 USC §1983);

                                     1

| | |
|---|---|
| Plaintiffs, | ) 6. ASSAULT; |
| | ) 7. BATTERY; |
| v. | ) 8. NEGLIGENCE |
| CITY OF FRESNO, an entity; CITY | ) |
| OF FRESNO POLICE | ) **[DEMAND FOR JURY TRIAL]** |
| DEPARTMENT, an entity; | ) |
| ZEBULON PRICE, an individual | ) |
| police officer with CITY OF FRESNO | ) |
| POLICE DEPARTMENT; and DOES | ) |
| 2 Through 10, Inclusive, | ) |
| Defendants. | ) |
| _____ | ) |

**COME NOW** PLAINTIFFS, A.G.1., a minor, by and through her Guardian

Ad Litem SERENA URIBE, individually and as heir at law and successor in

interest to RAYMOND ANGEL GONZALEZ; A.G.2., a minor, by and through

her Guardian Ad Litem SERENA URIBE, individually and as heir at law and

successor in interest to RAYMOND ANGEL GONZALEZ; A.G.3., a minor, by

and through her Guardian Ad Litem SERENA URIBE, individually and as heir at

law and successor in interest to RAYMOND ANGEL GONZALEZ; A.G.4,, a

minor, by and through her Guardian Ad Litem SERENA URIBE, individually and

as heir at law and successor in interest to RAYMOND ANGEL GONZALEZ;

R.A.G.J., a minor, by and through his Guardian Ad Litem AMALIA ALCANTAR,

individually and as heir at law and successor in interest to RAYMOND ANGEL

GONZALEZ; and ALICE GONZALEZ, an individual:

////

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and for Supplemental State Law Claims for Relief against Defendants, CITY OF FRESNO, an entity; CITY OF FRESNO POLICE DEPARTMENT, an entity; ZEBULON PRICE, an individual; and DOES 2-10.  Jurisdiction is founded on the basis of 28 U.S.C. §§1331 and 1343 and on the supplemental jurisdiction of this Court to entertain claims arising under state law.  Venue is proper in the Eastern District of California because the herein described incident took place in the general location of Blackstone Avenue near Yale Avenue, in Fresno, County of Fresno, which is within the Eastern District.

2.      It is herein alleged that Defendants ZEBULON PRICE  and DOE 2, acting in their individual capacity, under color of law and in the course and scope of their employment with Defendant CITY OF FRESNO County, and CITY OF FRESNO Police Department (hereinafter at times "FPD"), and other officers or individuals employed by Defendant CITY OF FRESNO (hereinafter at times "CITY") and FPD, used unreasonable and/or excessive deadly force and shot and killed RAYMOND ANGEL GONZALEZ without legal cause or excuse, and made an unreasonable seizure of the person of RAYMOND ANGEL GONZALEZ, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and deprived him of equal protection of the law and

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

substantive due process of law under the Fifth Amendment.  It is also alleged herein that Defendants' actions violated state law and Plaintiff has supplemental state law claims.

## JURISDICTION

3.     Plaintiffs, A.G.1., a minor, by and through her Guardian Ad Litem SERENA URIBE, individually and as heir at law and successor in interest to RAYMOND ANGEL GONZALEZ; A.G.2., a minor, by and through her Guardian Ad Litem SERENA URIBE, individually and as heir at law and successor in interest to RAYMOND ANGEL GONZALEZ; A.G.3., a minor, by and through her Guardian Ad Litem SERENA URIBE, individually and as heir at law and successor in interest to RAYMOND ANGEL GONZALEZ; A.G.4., a minor, by and through her Guardian Ad Litem SERENA URIBE, individually and as heir at law and successor in interest to RAYMOND ANGEL GONZALEZ; R.A.G.J., a minor, by and through his Guardian Ad Litem AMALIA ALCANTAR, individually and as heir at law and successor in interest to RAYMOND ANGEL GONZALEZ; and ALICE GONZALEZ, an individual, assert claims for relief arising under, and for violations of, the following laws:

(a)     Federal Civil Rights Act under 42 U.S.C. §§ 1983, 1985, 1986, and 1988;

(b)     Monell v. Department of Social Services;

(c)     The Fourth Amendment of the United States Constitution;

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

(d)     The Fourteenth Amendment of the United States Constitution;

(e)     Equal Protection Clause and Due Process Clause of the Fifth Amendment of the United States Constitution.

4.     The jurisdiction of this court is, therefore, founded on Federal Question Jurisdiction pursuant to 28 U.S.C. §1331.

5.     This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of rights, privileges, and immunities secured to the plaintiffs by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. Section 1983) and arising under the law and statutes of the State of California.

6.     Jurisdiction is founded upon 28 U.S.C. Sections 1331 and 1343(3) and (4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of rights, privileges, and immunities secured to a plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

7.     This court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

**VENUE**

8.     Venue is proper in the Eastern District Court of California in that all injuries complained of herein were caused and suffered in Fresno County, California, which is within the Eastern District as more fully set forth herein.

4

Defendants are proper before this Court because "a substantial part of the events upon which this action is based occurred in this district." 28 U.S.C. §1891(a)(2) and §1343.  The shooting complained of herein occurred at the general location of Blackstone Avenue near Yale Avenue, in Fresno, which is in Fresno County.

### PARTIES

9.     The Decedent, RAYMOND ANGEL GONZALEZ was a resident of Fresno County during all times relevant hereto.  At the time of his death, on March 23, 2016, RAYMOND ANGEL GONZALEZ was the father, biological and otherwise, to five minor children, and non-biological father to two other non-biological minor children who are not named as plaintiffs in this action.

10.     Plaintiff A.G.1. is the minor natural daughter of RAYMOND ANGEL GONZALEZ. She is entitled, pursuant to Section 377.30 and 377.60 of the California Code of Civil Procedure to bring, by and through her Guardian Ad Litem, SERENA URIBE, and maintain the present action for herself individually and as heir at law and successor in interest to the estate of RAYMOND ANGEL GONZALEZ, including those for violation of Decedent's civil rights and for the state law claims for relief enumerated herein.

11.     Plaintiff A.G.2. is the minor natural daughter of RAYMOND ANGEL GONZALEZ.  She is entitled, pursuant to Section 377.30 and 377.60 of the California Code of Civil Procedure to bring, by and through her Guardian Ad Litem, SERENA URIBE, and maintain the present action for herself individually

and as heir at law and successor in interest to the estate of RAYMOND ANGEL GONZALEZ, including those for violation of Decedent's civil rights and for the state law claims for relief enumerated herein.

12.     Plaintiff A.G.3. is the minor natural daughter of RAYMOND ANGEL GONZALEZ.   She is entitled, pursuant to Section 377.30 and 377.60 of the California Code of Civil Procedure to bring, by and through her Guardian Ad Litem, SERENA URIBE, and maintain the present action for herself individually and as heir at law and successor in interest to the estate of RAYMOND ANGEL GONZALEZ, including those for violation of Decedent's civil rights and for the state law claims for relief enumerated herein.

13.     Plaintiff A.G.4. is the minor natural daughter of RAYMOND ANGEL GONZALEZ. She is entitled, pursuant to Section 377.30 and 377.60 of the California Code of Civil Procedure to bring, by and through her Guardian Ad Litem, SERENA URIBE, and maintain the present action for herself individually and as heir at law and successor in interest to the estate of RAYMOND ANGEL GONZALEZ, including those for violation of Decedent's civil rights and for the state law claims for relief enumerated herein.

14.     Plaintiff R.A.G.J. is the minor natural son of RAYMOND ANGEL GONZALEZ.   He is entitled, pursuant to Section 377.30 and 377.60 of the California Code of Civil Procedure to bring, by and through his Guardian Ad Litem, AMALIA ALCANTAR, and   maintain   the   present   action   for   herself

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

individually and as heir at law and successor in interest to the estate of RAYMOND ANGEL GONZALEZ, including those for violation of Decedent's civil rights and for the state law claims for relief enumerated herein

15. Plaintiff ALICE GONZALEZ is the mother of the Decedent RAYMOND ANGEL GONZALEZ, who brings this action for interference of her familial relationship with her son, Decedent RAYMOND ANGEL GONZALEZ.

16. At all times mentioned herein, Defendant CITY OF FRESNO was and is a public entity, duly organized and existing under and by virtue of the laws of the State of California.

17. At all times mentioned herein, the CITY OF FRESNO POLICE DEPARTMENT is, and was a public agency duly organized and existing under and by the laws of the State of California and/or was a department of Defendant CITY OF FRESNO. Plaintiffs are informed and believe and thereon allege that Defendants CITY and FPD were the employers of Defendant ZEBULON PRICE and Defendants DOES 2-10.

18. Plaintiffs are informed and believe, and thereon allege, that Defendant ZEBULON PRICE is, and at all times herein mentioned was, duly appointed and acting as a police officer for Defendants CITY and FPD, and were at all material times acting under color of state law, and as the employees, agents and representatives of every other Defendant. Defendant ZEBULON PRICE was acting under color of law and within the course and scope of their employment,

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

including but not limited to under <u>California Government Code</u> Sections 815.2, 820 and 825, with Defendants CITY and FPD on March 23, 2016, the date of the incident and Defendant CITY is legally responsible for all damages caused by the intentional and/or negligent and/or otherwise tortuous conduct of Defendant ZEBULON PRICE as alleged herein.   Plaintiffs have timely presented a Government Claim under California law and are timely naming them as Defendants herein and suing them for damages under Federal and California state law as alleged herein.

19.   At all times mentioned herein, Defendant ZEBULON PRICE, an individual, was acting within the course and scope of their employment and under color of law as an officer, officer, sergeant, captain, commander, and/or civilian employee of the CITY OF FRESNO and CITY OF FRESNO POLICE DEPARTMENT, and was authorized by the Defendant CITY and/or the Defendant FPD to perform the duties and responsibilities of a sworn police officer of and for these Defendants, and all acts hereinafter complained of were performed by each of them within the course and scope of his duties as a police officer, officer and official.   Defendant ZEBULON PRICE is sued herein in their individual capacity and in their official capacity as a police officer, officer, sergeant, captain and/or as other employee of Defendants CITY and FPD.

20.   At all times relevant hereto, Defendants ZEBULON PRICE and all DOE Defendants (DOES 2-10), and each of them, were acting within the course

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

and scope of their employment and under color of law as officers, deputies, sergeants, captains, commanders, and/or civilian employees of Defendant FPD, a department and/or a subdivision of Defendant CITY and at all times were acting with permission and consent of their co-Defendants. Said Defendants, and each of them, were specifically authorized by Defendant CITY and/or FPD to perform the duties and responsibilities of sworn police officers and/or deputies of and for the CITY, and all acts hereinafter complained of were performed by them within the course and scope of their duties as police officers, deputies and officials for said Defendant, and its police department, and are herein sued in their individual capacities and in their official capacities as police officers, deputies, sergeants, captains, commanders, supervisors, policy makers and/or as other employees of Defendant CITY and FPD. Said Defendants, and each of them, at all times relevant hereto, were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, practices and usages of Defendant CITY, and/or FPD.

21.   Defendants CITY and/or FPD encouraged, assisted, ratified and/or with deliberate indifference failed to prevent all of the herein acts and omissions of Defendants, and each of them.

22.   PLAINTIFFS are ignorant of the true names and capacities of Defendants sued herein as DOES 2-10, inclusive, and therefore sue these Defendants by such fictitious names. PLAINTIFFS will amend this complaint to

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

allege said Defendants' true names and capacities when such are ascertained. PLAINTIFFS are informed and believe and thereon allege, that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that PLAINTIFFS' damages as herein alleged were proximately caused by the acts and/or omissions of said fictitiously name Defendants.

23.    At all times relevant herein, Defendants DOES 2-10 were supervisors, employees and/or policy makers for Defendants CITY and/or FPD, which employed unlawful, organized and illegal customs and practices of use of unreasonable and/or excessive force and false arrests which lacked probable cause. Said misconduct was encouraged, tolerated and condoned by Defendants, and each of them.

24.    At all times relevant to the present complaint, Defendants DOES 2-10, inclusive, were acting within their capacity as employees, agents, representatives and servants of Defendant CITY and/or FPD which are liable under the doctrine of *respondeat superior*, pursuant to Sections 815.2, 820 and 825 of the California Government Code, et al.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

25.    On or about March 23, 2016, at approximately 3:45 P.M., Decedent RAYMOND ANGEL GONZALEZ was on Blackstone Avenue, in front of a liquor store on Blackstone Avenue approaching Yale Avenue in Fresno. Defendant

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

ZEBULON PRICE arrived on the scene in front of the liquor store on Blackstone Avenue approaching the intersection of Blackstone Avenue and Yale Avenue and began following Decedent RAYMOND ANGEL GONZALEZ.

26.    Defendant ZEBULON PRICE and DOE 2 stopped and got out of their police vehicle and approached Decedent RAYMOND ANGEL GONZALEZ.

27.    Defendant ZEBULON PRICE and DOE 2 gave chase to Decedent RAYMOND ANGEL GONZALEZ, cornering him in a nearby alley.

28.    Defendants ZEBULON PRICE and Doe 2 then drew their firearm and opened fire, firing two shots that struck Decedent RAYMOND ANGEL GONZALEZ.

29.    Decedent RAYMOND ANGEL GONZALEZ was pronounced dead at Community Regional Medical Center at some time later in the evening of March 23, 2016 after being shot by Defendants ZEBULON PRICE and DOE 2.

30.    At the time that he was shot and killed on March 23, 2016, RAYMOND ANGEL GONZALEZ had committed no crimes and Defendant ZEBULON PRICE lacked probable cause to make an arrest of his person, or to use deadly force against Decedent RAYMOND ANGEL GONZALEZ.

31.    From the time that Defendant ZEBULON PRICE and DOE 2 first saw RAYMOND ANGEL GONZALEZ on March 23, 2016, and until they shot and killed RAYMOND ANGEL GONZALEZ, minutes later, at no time during that relevant time period did RAYMOND ANGEL GONZALEZ present a risk of

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

imminent deadly force to Defendant ZEBULON PRICE DOE 2 or anyone else present.

32.   RAYMOND ANGEL GONZALEZ died some time later after 3:45 P.M., on March 23, 2016, as a direct result of being shot by Defendant ZEBULON PRICE, sustaining two lethal gunshot wounds on his body.

33.   At no time, prior to being shot and killed by Defendant ZEBULON PRICE, did Decedent RAYMOND ANGEL GONZALEZ present a risk of imminent deadly harm that would lead a reasonable officer to believe that his or her life was in danger or in threat of eminent harm.

34.   After the shooting, ZEBULON PRICE and DOE 2 delayed obtaining medical assistance for RAYMOND ANGEL GONZALEZ.

35.   At the time of the shooting, on March 23, 2016, Decedent RAYMOND ANGEL GONZALEZ presented no threat of serious bodily harm or death to Defendant ZEBULON PRICE, DOE 2, or anyone else that would justify the use of lethal deadly force.  Defendant officer ZEBULON PRICE and DOE 2 used unreasonable and/or excessive deadly force in shooting and killing RAYMOND ANGEL GONZALEZ on March 23, 2016.

36.   Plaintiffs are informed, believe and thereupon allege that RAYMOND ANGEL GONZALEZ died some time after suffering great pain and anguish after he was shot by Defendant ZEBULON PRICE and DOE 2.

37.   On March 23, 2016, at approximately 3:45 P.M., RAYMOND

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

ANGEL GONZALEZ was not engaged in the commission of a crime and, under the United States Constitution and the cases interpreting it, had rights including a liberty interest to be free in one's person from unlawful search and seizure of one's person and a right to not have unreasonable and/or excessive force used against him.

38.    When Defendant ZEBULON PRICE and DOE 2 engaged in the encounter of RAYMOND ANGEL GONZALEZ, and when they thereafter fired their weapon at RAYMOND ANGEL GONZALEZ, on March 23, 2016, they did not possess information that RAYMOND ANGEL GONZALEZ was engaged in the commission of a crime, and they had no reasonable suspicion of wrongdoing, and there was no probable cause of the commission of a crime.   Defendant ZEBULON PRICE and DOE 2, while acting under color of law, used unreasonable and/or excessive force in shooting and killing RAYMOND ANGEL GONZALEZ.

39.    Defendants ZEBULON PRICE and DOES 2-10, while acting within the course and scope of their employment with Defendant CITY OF FRESNO and the CITY OF FRESNO POLICE DEPARTMENT, detained, and arrested RAYMOND ANGEL GONZALEZ, which was a violation of his Fourth Amendment rights to be free from unreasonable searches and seizures as he had committed no crimes and there was no legal reason for him to be detained.

40.    On March 23, 2016, at approximately 3:45 P.M., along Blackstone Avenue approaching Yale Avenue in Fresno, County of Fresno, California,

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

Defendant ZEBULON PRICE and DOE 2, while acting within the course and scope of their employment with Defendants CITY and FPD, and under color of State law, used unreasonable and/or excessive force and shot and killed RAYMOND ANGEL GONZALEZ without probable cause, justification, or excuse. At the time that Defendant ZEBULON PRICE and DOE 2 shot and killed RAYMOND ANGEL GONZALEZ, he represented no threat to the officers' lives or to the lives of others.

41.    At the time the Defendant officer engaged in the encounter with RAYMOND ANGEL GONZALEZ, Decedent was not engaged in any dangerous activity. There was no justification for the use of unreasonable and/or excessive force in shooting and killing him within a few minutes from the initial encounter. Without warning of any sort, Defendant ZEBULON PRICE, without reason, cause or justification, fired upon and killed RAYMOND ANGEL GONZALEZ. When RAYMOND ANGEL GONZALEZ was shot, he constituted no threat to the Defendant officer or others, and there was no legal cause or excuse to seize the person of RAYMOND ANGEL GONZALEZ.

42.    RAYMOND ANGEL GONZALEZ died as a direct result of the shooting by Defendant ZEBULON PRICE and DOE 2.

43.    RAYMOND ANGEL GONZALEZ sustained great pain, suffering and anguish after he was shot multiple times, and before he died.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

44.    Defendant ZEBULON PRICE and DOE 2 discharged their firearms recklessly, intentionally, tortuously and/or, in the alternative, negligently, with the intent to kill and/or commit serious bodily injury upon RAYMOND ANGEL GONZALEZ and to violate his civil rights.

45.    As a direct and proximate result of the aforementioned acts of Defendant ZEBULON PRICE AND DOE 2, Decedent RAYMOND ANGEL GONZALEZ suffered the following injuries and damages which are recoverable by PLAINTIFFS under the Federal Civil Rights statutes identified herein:

(a)    Violation of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and denial of Equal Protection and Due Process of Law.

(b)    Conscious physical pain, suffering, and emotional trauma.

(c)    Medical bills and expenses and future medical care costs and expenses.

(d)    Loss of income and lost earning capacity.

(e)    Attorneys' fees and costs pursuant to 42 U.S.C. Section 1988.

46.    In contacting, confronting and dealing with RAYMOND ANGEL GONZALEZ, the Defendants CITY, FPD and Defendants ZEBULON PRICE DOES 2-10 employed flawed and substandard tactics.   Said tactics were intentional, negligent, reckless and/or otherwise tortious and resulted from the

15

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

flawed, inadequate and substandard training provided by FPD to its officers, deputies, supervisors and/or other employees regarding the handling of civilians encountered in the street. Such inadequate training left said individuals unprepared for handling such encounters and created a scenario where the subject officers, deputies, and/or other Defendants improperly used deadly force on March 23, 2016.

47. The Plaintiffs herein filed governmental claims with the CITY pursuant to the requirements of California Government Code Section 800 *et seq.* More than 45 days have passed since the governmental claims were presented. Plaintiffs have satisfied all California Government Claim Requirements and the supplemental state law claims in this lawsuit are timely filed.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW
## (42 U.S.C. §1983)
[By Plaintiffs against Defendants ZEBULON PRICE AND DOES 2-10]

48. Plaintiffs hereby repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

49. This action is brought pursuant to 42 U.S.C. §1983, and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, for violation of the procedural and substantive due process rights of Decedent RAYMOND ANGEL GONZALEZ.

50.    On March 23, 2016, Defendant ZEBULON PRICE AND DOE 2, an employee of Defendant CITY OF FRESNO and the CITY OF FRESNO POLICE DEPARTMENT, shot and killed RAYMOND ANGEL GONZALEZ in violation of 42 U.S.C. §1983 and in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.   Unreasonable and/or excessive force was used by Defendant ZEBULON PRICE AND DOE 2 to shoot and kill RAYMOND ANGEL GONZALEZ.   In so acting, officer Defendant ZEBULON PRICE AND DOE 2 acted under color of law in their individual capacity and as an employee of Defendant CITY and FPD.   RAYMOND ANGEL GONZALEZ was shot and killed by said Defendants without justification, cause, or excuse in violation of 42 U.S.C. §1983.

51.    At said date and location, said Defendants had ample and reasonably sufficient time and opportunity to so intervene and prevent the shooting and were compelled to do so as a peace officer under the laws of the State of California and under the Constitution of the United States of America.

52.    At said date and location, in deliberate indifference to the life, health and Constitutional rights of RAYMOND ANGEL GONZALEZ, said Defendants refrained from so intervening, in violation of 42 U.S.C. §§1985, 1986.

53.    As a result thereof, said Defendants unlawfully shot and killed RAYMOND ANGEL GONZALEZ in violation of his rights under the Fourth,

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

Fifth and Fourteenth Amendments of the Constitution of the United States of America.

54.    The aforementioned acts of Defendant ZEBULON PRICE AND DOE 2 were malicious, willful, oppressive and despicable conduct as herein alleged and they acted with a conscious disregard of the rights of RAYMOND ANGEL GONZALEZ and with an intent to vex, injure or annoy RAYMOND ANGEL GONZALEZ such as to constitute oppression, fraud or malice.  The individual Defendant engaged in a conscious and willful disregard of safety and caused injuries and damages to RAYMOND ANGEL GONZALEZ.  PLAINTIFFS are therefore entitled to punitive damages in an amount sufficient to punish and make an example of Defendants ZEBULON PRICE AND DOE 2 in order to promote greater safety and provide an incentive for Defendant ZEBULON PRICE AND DOE 2 and others so situated to engage in safer practices.

55.    As a direct and proximate result of the aforementioned acts of Defendant RAYMOND ANGEL GONZALEZ suffered the following injuries and damages which are recoverable by PLAINTIFFS under the Federal Civil Rights statutes identified herein:

> (a)    Violation of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and denial of Equal Protection and Due Process of Law.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

(b)     Conscious physical pain, suffering, and emotional trauma.

(c)     Medical bills and expenses and future medical care costs and expenses.

(d)     Loss of income and lost earning capacity.

(e)     Attorneys' fees and costs pursuant to 42 U.S.C. Section 1988.

56.     As a direct and proximate result of said constitutional violations tortious acts, omissions or conduct of Defendants ZEBULON PRICE, DOE 2 and DOES 3-10, and each of them, Plaintiffs A.G.1., a minor, by and through her Guardian Ad Litem SERENA URIBE, individually and as heir at law and successor in interest to RAYMOND ANGEL GONZALEZ; A.G.2., a minor, by and through her Guardian Ad Litem SERENA URIBE, individually and as heir at law and successor in interest to RAYMOND ANGEL GONZALEZ; A.G.3., a minor, by and through her Guardian Ad Litem SERENA URIBE, individually and as heir at law and successor in interest to RAYMOND ANGEL GONZALEZ; A.G.4., a minor, by and through her Guardian Ad Litem SERENA URIBE, individually and as heir at law and successor in interest to RAYMOND ANGEL GONZALEZ; R.A.G.J., a minor, by and through his Guardian Ad Litem AMALIA ALCANTAR, individually and as heir at law and successor in interest to RAYMOND ANGEL GONZALEZ; and ALICE GONZALEZ, an individual, have sustained and incurred, and are certain in the future to sustain and incur losses, injuries, and damages which are itemized as follows:

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

(a) Funeral and burial expenses of Decedent RAYMOND ANGEL GONZALEZ in a sum to be determined according to proof. Plaintiffs will request leave of Court to determine the total amount thereof, once the same has been ascertained; and

(b) The value of Decedent RAYMOND ANGEL GONZALEZ's financial support to be determined according to proof;

(c) Plaintiffs have been deprived of the services, love, society, care, comfort, protection, companionship and affection of Decedent RAYMOND ANGEL GONZALEZ, who was, respectively, a loving and devoted husband and father, all to Plaintiffs' loss and general damage in a sum in excess of the minimum jurisdictional limits of this Court.

## SECOND CLAIM FOR RELIEF
### SUPERVISORIAL RESPONSIBILITY FOR VIOLATIONS FOR THE FOURTH, FIFTH AND FOURTEENTH AMENDMENT RIGHTS OF PLAINTIFF
[By Plaintiffs against All Defendants]

57. Plaintiffs repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

58. This action is brought pursuant to 42 U.S.C. §1983, for violation of Decedent RAYMOND ANGEL GONZALEZ's rights under the Fourth, Fifth and Fourteenth Amendments of the U.S. Constitution.

PLAINTIFFS' COMPLAINT FOR DAMAGES

59.   On the date of the shooting of plaintiff RAYMOND ANGEL GONZALEZ, on March 23, 2016, supervising officers Defendants DOES 2-10, sued herein in their official capacity, Defendant CITY OF FRESNO and the CITY OF FRESNO POLICE DEPARTMENT had supervisory authority over Defendant ZEBULON PRICE AND DOE 2.

60.   Plaintiffs are informed and believe and thereon allege that Defendants DOES 3-10 participated in, encouraged, condoned and ratified the conduct of Defendant ZEBULON PRICE AND DOE 2 in approaching, contacting, seizing or attempting to seize, and shooting plaintiff RAYMOND ANGEL GONZALEZ.

61.   Defendants DOES 3-10, Defendants CITY and FPD tolerated, encouraged and condoned the type of misconduct giving rise to the shooting of Plaintiff RAYMOND ANGEL GONZALEZ by consciously ignoring, turning a blind eye to and overlooking this type of misconduct within FPD.

62.   Defendants DOES 3-10, Defendants CITY and FPD encouraged and facilitated such conduct and deliberately and leniently overlooked and ratified the misconduct of Defendants ZEBULON PRICE AND DOE 2, by failing to discipline officers, approving false and misleading police reports authored by said officers, and failing to recommend the investigation and criminal prosecution of said officers for the misconduct, and in the present instance failing to supervise and control said Defendant, so as to prevent the misconduct alleged herein and by

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

failing to train said subordinate officers in the procedures, laws and practices that would eliminate the risk of the constitutional violations alleged herein.

63.     By consciously and deliberately overlooking the acts of misconduct and criminal acts by their subordinate officers, Defendants DOES 2-10, Defendant CITY and FPD established a custom and practice of condoning and ratifying such misconduct and criminal activity, and established a tolerated pattern of constitutional violations amongst their subordinate officers.  The condoning of misconduct by Defendants DOES 3-10, CITY and FPD was so comprehensive and well known that their subordinate officers were emboldened to blatantly violate the constitutional rights of any persons the subordinate officers came into contact with while on duty and to commit crimes and/or wrongdoing such as the above-mentioned acts and omissions with impunity.

64.     Through their conscious disregard for the rights of the persons their subordinates would come in contact with and through their custom and practice of encouraging, condoning, tolerating and ratifying constitutional violations and criminal activity by their subordinates, Defendants DOES 3-10, CITY and FPD were deliberately indifferent to the constitutional violations being committed by their subordinates, including Defendants ZEBULON PRICE, DOE 2 and DOES 3-10.

65.     Defendant CITY is liable through application of *respondeat superior* pursuant to California Government Code §§ 815.2, 820 and 825 for the acts of its

employees named herein who at all times alleged herein were acting in the course and scope of their employment with said public entity.

66.     As a direct and proximate result of the aforementioned acts of Defendants, and each of them, RAYMOND ANGEL GONZALEZ suffered the following injuries and damages which are recoverable by PLAINTIFFS under the Federal Civil Rights statutes identified herein:

   (a)     Violation of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and denial of Equal Protection and Due Process of Law.

   (b)     Conscious physical pain, suffering, and emotional trauma.

   (c)     Medical bills and expenses and future medical care costs and expenses.

   (d)     Loss of income and lost earning capacity.

   (e)     Attorneys' fees and costs pursuant to 42 U.S.C. Section 1988.

**THIRD CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY FOR VIOLATION OF CONSTITUTIONAL RIGHTS**
[By Plaintiffs against All Defendants]

67.     PLAINTIFFS hereby repeat re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

68.     This action is brought pursuant to 42 U.S.C. §1983, for violation of Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments of the U.S. Constitution.

69.     Plaintiff RAYMOND ANGEL GONZALEZ possessed the right, guaranteed by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, to be free from unreasonable seizures and unreasonable and/or excessive force by Defendant CITY OF FRESNO.

70.     On March 23, 2016, Defendant ZEBULON PRICE and DOE 2, acting within the course and scope of their duties as a peace officers and/or employees of Defendant CITY and the CITY OF FRESNO POLICE DEPARTMENT, deprived Plaintiff RAYMOND ANGEL GONZALEZ of his rights to be free from unreasonable seizures, unreasonable and/or excessive force, and searches, when said Defendant unreasonably and without justification shot Plaintiff RAYMOND ANGEL GONZALEZ. Additionally, Defendants DOES 2-10 violated Plaintiff RAYMOND ANGEL GONZALEZ'S Civil Rights to be free from unlawful search, seizure, arrest and detention.

71.     At the time of the shooting of RAYMOND ANGEL GONZALEZ by Defendants ZEBULON PRICE and DOE 2, Defendant CITY had ratified, and implemented, policies, procedures, customs and practices of Defendant FPD which permitted and encouraged their peace officers, employees and officials to unjustifiably, unreasonably violate the constitutional rights to the public that reside

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

in the low income communities of the CITY.  Specifically, Defendants CITY and its Police Department, FPD, have a long and storied history of racism and unreasonable and/or excessive use of deadly force against unarmed and/or minority suspects.

72.     Plaintiffs are informed and believe, and thereon allege, that prior to the shooting of RAYMOND ANGEL GONZALEZ, the Defendant CITY was aware of problems of insubordination, unreasonable and/or excessive use of force, and an internal "code of silence" among FPD officers.  The "code of silence," as it is colloquially known, is the understanding among police officers that misconduct, corruption, crimes, and the unreasonable and/or excessive use of force will not be reported through the chain of command.  The "code of silence" means that peace officers are expected to generate false reports and perjure themselves to cover up the use of unreasonable and/or excessive force and other misconduct by other officers.  The "code of silence" encourages officers to commit insubordinate acts, generate false reports, and use unreasonable and/or excessive or unreasonable force in an environment which condoned, ratified and enabled officer misconduct and use of unreasonable and/or excessive force.

73.     Plaintiffs are informed and believe, and thereon allege, that based on the Defendant CITY's tolerance of rampant officer misconduct, as stated above, FPD officers operate under a CITY custom and practice of falsifying police reports of officer-involved shootings, including the fabrication of claims that the victim

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

was armed and presented a lethal threat to officers and the general public at the time of the shooting.

74.    Said policies, procedures, customs and practices also called for the Defendant CITY and its Police Department not to discipline, prosecute, or objectively and/or independently investigate or in any way deal with or respond to known incidents, complaints, of wrongful shootings by police officers of FPD, or the related claims and lawsuits made as a result of such shootings.

75.    Said policies, procedures, customs and practices called for and lead to the refusal of Defendant CITY to investigate complaints of previous incidents of wrongful shootings and, instead, officially claim that such incidents were justified and proper.

76.    Said policies, procedures, customs and practices called for the refusal of Defendant CITY to conduct executive meetings within five days of such shootings to evaluate the shooting, prepare a plan to conceal any misconduct committed during such incidents, and to plan and conduct a campaign to conceal such misconduct.

77.    Said policies, procedures, customs and practices called for CITY, by means of inaction and cover-up, to encourage its police officers to believe that improper shooting of unarmed suspects, including members of minority groups, was permissible.  The concealment and cover up included writing false police

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

reports and testifying falsely as to how the unreasonable and/or excessive force incident occurred.

78.     Said policies, procedures, customs and practices of Defendant CITY evidenced a deliberate indifference to the violations of the constitutional rights of RAYMOND ANGEL GONZALEZ. This indifference was manifested by the failure to change, correct, revoke, or rescind said policies, procedures, customs and practices in light of prior knowledge by Defendant CITY of indistinguishably similar incidents of unjustified and unreasonable Police shootings.

79.     Said policies, procedures, customs and practices of Defendant CITY evidenced a deliberate indifference to the violations of the constitutional rights of RAYMOND ANGEL GONZALEZ. This indifference was manifested by the failure to change, correct, revoke, or rescind said policies, procedures, customs and practices, and tactic and weapons training in light of prior knowledge by Defendant CITY of indistinguishably similar incidents.

80.     Deliberate indifference to the civil rights of minority groups and other victims of unreasonable and/or excessive force and Police officer-involved shootings was also evidenced by Defendant CITY ignoring of the history and pattern of prior civil lawsuits alleging civil rights violations and the related payment of judgments to such individuals.

81.     Deliberate indifference is also evidenced by maintenance of an inadequate system of firearms discharges by FPD which failed to identify instances

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

of improper use of firearms, as well as by the failure of by said Defendant to adequately train and more closely supervise or retrain deputies who in fact improperly used such weapons.

82.     Other systemic deficiencies of CITY which indicated, and continue to indicate, a deliberate indifference to the violations of the civil rights by police officers of the CITY include:

(a)     preparation of investigative reports designed to vindicate the use of firearms, regardless of whether such use was justified;

(b)     preparation of investigative reports which uncritically rely solely on the word of police officers involved in the shooting incidents and which systematically fail to credit testimony by non-officer witnesses;

(c)     preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the officers involved;

(d)     issuance of public statements exonerating deputies involved in such incidents prior to the completion of investigations of the shootings;

(e)     failure to objectively and independently review investigative reports by responsible supervisors for accuracy or completeness

28

and acceptance of conclusions which are unwarranted by the

evidence of the shooting or which contradict such evidence; and,

(f)    failure to maintain centralized department-wide system for the

tracking and monitoring of the use of unreasonable and/or

excessive force, abuse of authority, and race-based misconduct by

individual police officers so as to identify those officers who

engage in a pattern of unreasonable and/or excessive force, abuse

of authority, and misconduct.

83.    The foregoing acts, omissions, and systemic deficiencies are policies

and customs of Defendant CITY caused the Defendants ZEBULON PRICE and

DOES 2-10 to be unaware of the rules and laws governing permissible use of

firearms and to believe that firearms discharges are entirely within the discretion of

the officer and that improper discharges would not be objectively, thoroughly and

properly investigated, all with the foreseeable result Defendants ZEBULON

PRICE and DOE 2 would use deadly force in situations where such force is neither

necessary, reasonable nor legal, thereby violating the civil rights of the citizens of

this state.

84.    As a result of the aforementioned acts, omissions, systematic

deficiencies, policies, procedures, customs and practices of Defendant CITY,

Defendant police officers ZEBULON PRICE, DOE 2 and DOES 3-10 wrongfully

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

shot and killed RAYMOND ANGEL GONZALEZ, thereby causing the damages claimed herein.

85.    As a direct and proximate result of the aforementioned acts of Defendants, and each of them, RAYMOND ANGEL GONZALEZ suffered the following injuries and damages which are recoverable by PLAINTIFFS under the Federal Civil Rights statutes identified herein:

(a)    Violation of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and denial of Equal Protection and Due Process of Law.

(b)    Conscious physical pain, suffering, and emotional trauma.

(c)    Medical bills and expenses and future medical care costs and expenses.

(d)    Loss of income and lost earning capacity.

(e)    Attorney's fees and costs pursuant to 42 U.S.C. Section 1988.

**FOURTH CLAIM FOR RELIEF**
**SUBSTANTIVE DUE PROCESS (42 U.S.C. §1983)**
[By Plaintiffs against Defendants ZEBULON PRICE and DOES 2-10]

86.    Plaintiffs hereby repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

87.    PLAINTIFFS had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from

30

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiffs' familial relationship with Decedent RAYMOND ANGEL GONZALEZ.

88.     Decedent RAYMOND ANGEL GONZALEZ had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

89.     The aforementioned actions of Defendant ZEBULON PRICE, DOE 2 and DOES 3-10, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Decedent RAYMOND ANGEL GONZALEZ and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

90.     As a direct and proximate result of these actions, Decedent RAYMOND ANGEL GONZALEZ was harmed, experienced pain and suffering, and died. Defendant ZEBULON PRICE, DOE 2 and DOES 3-10 thus violated the substantive due process rights of the Plaintiffs to be free from unwarranted interference with their familial relationship with Decedent RAYMOND ANGEL GONZALEZ.

91.     As a direct and proximate cause of the acts of Defendants ZEBULON PRICE, DOE 2 and DOES 3-10, Plaintiffs have suffered emotional distress, mental anguish, and pain. Plaintiffs have also been deprived of the life-long love,

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

companionship, comfort, support, society, care, and sustenance of Decedent RAYMOND ANGEL GONZALEZ, and will continue to be so deprived for the remainder of their natural life.

92.     The conduct of Defendants ZEBULON PRICE, DOE 2 and DOES 3-10 was willful, wanton, malicious, and was done with reckless disregard for the rights and safety of Decedent RAYMOND ANGEL GONZALEZ and Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages as to Defendants ZEBULON PRICE, DOE 2 and DOES 3-10.

93.     Defendants ZEBULON PRICE, DOE 2 and DOES 3-10 are each liable for Decedent RAYMOND ANGEL GONZALEZ's injuries, either because they engaged in the above conduct; because they were integral participants in the above conduct; or because they failed to intervene to prevent the above conduct.

94.     Plaintiffs each bring this claim individually and as a successor-in-interest to the Decedent RAYMOND ANGEL GONZALEZ, and Plaintiffs seek survival and wrongful death damages. Plaintiffs also seek funeral and burial expenses and attorney's fees.

## FIFTH CLAIM FOR RELIEF
## DEPRIVATION OF CIVIL RIGHTS – 42 USC §1983 –
## FAILURE TO PROVIDE MEDICAL CARE
[By Plaintiffs against Defendants ZEBULON PRICE, DOE 2, and DOES 3-10]

95.     Plaintiffs hereby repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

96.     The denial of medical care by Defendants ZEBULON PRICE, DOE 2 and DOES 3-10 deprived RAYMOND ANGEL GONZALEZ of his right to be secure in his person against unreasonable searches and seizures as guaranteed to RAYMOND ANGEL GONZALEZ under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

97.     As a result, RAYMOND ANGEL GONZALEZ suffered extreme pain and suffering and eventually suffered a loss of life and earning capacity. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of RAYMOND ANGEL GONZALEZ, and will continue to be so deprived for the remainder of their lives.  Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

98.     Defendants ZEBULON PRICE, DOE 2 and DOES 3-10 knew that failure to provide timely medical treatment to RAYMOND ANGEL GONZALEZ could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing RAYMOND ANGEL GONZALEZ great bodily harm and death.

99.     The conduct of Defendants ZEBULON PRICE, DOE 2 and DOES 3-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of RAYMOND ANGEL GONZALEZ and therefore warrants the imposition of exemplary and punitive damages as to Defendants ZEBULON PRICE, DOE 2 and DOES 3-10.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

100.   Plaintiffs brings this claim as successors-in-interest to RAYMOND ANGEL GONZALEZ, and seek both survival and wrongful death damages for the violation of RAYMOND ANGEL GONZALEZ's rights.

101.   Plaintiffs also seeks attorney fees under this claim.

### SIXTH CLAIM FOR RELIEF
ASSAULT
[By Plaintiffs against <u>All</u> Defendants]

102.   Plaintiffs repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

103.   Plaintiffs invoke the Supplemental Jurisdiction of this Court to hear this claim.

104.   Defendants, and each of them, acted intending to cause harmful or offensive contact with RAYMOND ANGEL GONZALEZ.  Defendant ZEBULON PRICE, DOE 2, and the other individual Defendants, performed the actions and inactions alleged herein in the course and scope of their employment as a Police Officers, and Defendant CITY OF FRESNO is responsible for the actions, inaction and damages caused by Defendant ZEBULON PRICE and DOE 2 under *respondeat superior* including, but not limited to, under <u>California Government Code</u> Sections 815.2, 820 and 825.

105.   Plaintiff RAYMOND ANGEL GONZALEZ reasonably believed that he was about to be touched in a harmful and offensive manner.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

106. Plaintiff RAYMOND ANGEL GONZALEZ did not consent to Defendants', and each of their, conduct.

107. Defendants', and each of their conduct was a substantial factor in causing harm to RAYMOND ANGEL GONZALEZ in the form of an assault.

108. Said assault was not consented to by RAYMOND ANGEL GONZALEZ, nor was the Defendants' infliction of serious bodily injury upon RAYMOND ANGEL GONZALEZ, which resulted in the death of RAYMOND ANGEL GONZALEZ.

109. Each of the individual Defendants including Defendant ZEBULON PRICE AND DOE 2 acted willfully, knowingly, with reckless disregard, callous indifference and conscious disregard of safety, and purposely with the intent to deprive each Plaintiff of their rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling Plaintiffs to exemplary and punitive damages against the individual Defendant ZEBULON PRICE, DOE 2, and the other individual Defendants.

110. As a direct and proximate result of said tortious and illegal acts and omissions of Defendants, and each of them, Plaintiff RAYMOND ANGEL GONZALEZ sustained and incurred, and is certain to sustain and incur in the future, losses, injuries and damages itemized as follows:

(a) Physical and mental pain and suffering;

(b) Damages to clothing, personal effects and other special damages;

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

(c)   Medical expenses including future medical expenses;

(d)   Lost earnings and lost earning capacity;

(e)   Punitive and exemplary damages pursuant to <u>California Civil Code</u> Section 3294 against Defendant ZEBULON PRICE AND DOE 2, and the other individual Defendants only, in an amount sufficient to punish and make an example of Defendant ZEBULON PRICE AND DOE 2, and the other individual Defendants, in order to promote greater safety and provide an incentive for Defendant ZEBULON PRICE AND DOE 2, and the other individual Defendants and others so situated to engage in safer practices.

**<u>SEVENTH CLAIM FOR RELIEF</u>**
**BATTERY**
[By Plaintiffs against All Defendants]

111.   Plaintiffs repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

112.   Plaintiffs invokes the Supplemental Jurisdiction of this Court to hear this claim.   Defendant ZEBULON PRICE, DOE 2, and the other individual Defendants, performed the actions and inactions alleged herein in the course and scope of their employment as police officers and Defendant CITY OF FRESNO, as such,  the employer, is responsible for the actions, inaction and damages caused by Defendant ZEBULON PRICE AND DOE 2, pursuant to the doctrine of *respondeat*

36

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

*superior*, including, but not limited to, under <u>California Government Code</u> Sections 815.2, 820 and 825.

113. Defendant ZEBULON PRICE and DOE 2 touched RAYMOND ANGEL GONZALEZ with intent to harm RAYMOND ANGEL GONZALEZ, in that they physically fired their firearms and killed RAYMOND ANGEL GONZALEZ.

114. RAYMOND ANGEL GONZALEZ did not consent to being shot multiple times.

115. RAYMOND ANGEL GONZALEZ was harmed by the conduct of Defendants, and each of them, in that he was shot and killed by Defendant ZEBULON PRICE and DOE 2.

116. Said Battery was not consented to by RAYMOND ANGEL GONZALEZ, nor was the Defendants' infliction of serious bodily injury upon RAYMOND ANGEL GONZALEZ privileged or immunized by the laws of the State of California.

117. Each of the individual Defendants, including Defendant ZEBULON PRICE and DOE 2, acted willfully, knowingly, with reckless disregard, callous indifference and conscious disregard of safety, and purposely with the intent to deprive Decedent RAYMOND ANGEL GONZALEZ of his rights and privileges, and did in fact violate the aforementioned rights and privileges of RAYMOND ANGEL GONZALEZ, entitling Plaintiffs to exemplary and punitive damages

against the individual Defendant ZEBULON PRICE and DOE 2, and the other individual Defendants.

118.   As a direct and proximate result of said tortious and illegal acts and omissions of Defendants, and each of them, Plaintiffs have sustained and incurred, and are certain to sustain and incur in the future, losses, injuries and damages itemized as follows:

(a)   Physical and mental pain and suffering;

(b)   Damages to clothing, personal effects and other special damages;

(c)   Medical expenses including future medical expenses;

(d)   Lost earnings and lost earning capacity;

(e)   Punitive and exemplary damages pursuant to California Civil Code Section 3294 against Defendant ZEBULON PRICE AND DOE 2, and the other individual Defendants only, in an amount sufficient to punish and make an example of Defendant ZEBULON PRICE, DOE 2, and the other individual Defendants, and each of them, in order to promote greater safety and provide an incentive for Defendant ZEBULON PRICE, DOE 2, and the other individual Defendants and others so situated to engage in safer practices.

**EIGHTH CLAIM FOR RELIEF**
**NEGLIGENCE**
[By Plaintiffs against All Defendants]

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

119.   Plaintiffs repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.  Plaintiffs plead this claim of Negligence in the alternative to the Claims above (Claims 1 through 7 which plead intentional conduct).

120.   Plaintiffs invoke the Supplemental Jurisdiction of this Court to hear this claim.  Defendant ZEBULON PRICE, DOE 2, and the other individual Defendants, performed the actions and inactions alleged herein in the course and scope of their employment as a Police Officer and Defendant CITY OF FRESNO is responsible for the actions, inaction and damages caused by Defendant ZEBULON PRICE and DOE 2, pursuant to the doctrine of *respondeat superior*, including, but not limited to, under California Government Code Sections 815.2, 820 and 825.

121.   Defendants and each of them, including Defendant ZEBULON PRICE AND DOE 2, had a duty to not cause Plaintiff RAYMOND ANGEL GONZALEZ serious and severe personal injury.

122.   Defendants and each of them, including Defendant ZEBULON PRICE and DOE 2, breached their duty to not cause Plaintiff RAYMOND ANGEL GONZALEZ serious or severe personal injury by unjustifiably shooting RAYMOND ANGEL GONZALEZ multiple times, resulting in the death of RAYMOND ANGEL GONZALEZ.

PLAINTIFFS' COMPLAINT FOR DAMAGES

123.   Defendants, and each of them, including Defendant ZEBULON PRICE and DOE 2, had a duty to act reasonably under the circumstances, and that either through breach of that duty, or in failing to follow appropriate procedures, Plaintiff RAYMOND ANGEL GONZALEZ was shot and killed.   Defendant ZEBULON PRICE and DOE 2, and the other Defendants, were negligent in shooting RAYMOND ANGEL GONZALEZ.

124.   Defendants, and each of them, including Defendant ZEBULON PRICE AND DOE 2, caused the death of RAYMOND ANGEL GONZALEZ by negligently shooting him multiple times.

125.   As a direct and proximate result of the breach of duty by Defendants, and each of them, RAYMOND ANGEL GONZALEZ was killed.

126.   As a direct and proximate result of said, negligent, tortious and illegal acts and omissions of Defendants, and each of them, Plaintiffs have sustained and incurred, and are certain to sustain and incur in the future, losses, injuries and damages itemized as follows:

(a)   Physical and mental pain and suffering;

(b)   Burial expenses.

(c)   Damages to clothing, personal effects and other special damages;

(d)   Medical expenses including future medical expenses;

(e)   Lost earnings and lost earning capacity.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants the CITY OF FRESNO, City of Fresno Police officers ZEBULON PRICE, and Does 2-10, inclusive, as follows:

A.     For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

B.     For funeral and burial expenses, and loss of financial support;

C.     For punitive damages against the individual defendants in an amount to be proven at trial;

D.     For interest;

E.     For reasonable costs of this suit and attorneys' fees; and,

F.     For such further other relief as the Court may deem just, proper, and appropriate.

Dated:  December 22, 2016

**GUIZAR, HENDERSON & CARRAZCO, LLP**


By: ___/S/_____
HUMBERTO M. GUIZAR
Attorneys for Plaintiffs

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

# **JURY DEMAND**

Trial by jury of all issues is demanded.

Dated:  December 22, 2016

**GUIZAR, HENDERSON & CARRAZCO, LLP**


By: ____/s/_____
HUMBERTO M. GUIZAR
Attorneys for Plaintiffs

**PLAINTIFFS' COMPLAINT FOR DAMAGES**