# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.G.1, et al., | Case No. 1:16-cv-01914-LJO-SAB |
| Plaintiffs, | ORDER FOLLOWING INFORMAL DISCOVERY DISPUTE REGARDING PLAINTIFF'S COUNSEL'S OBJECTION TO AND ASSERTION OF PRIVILEGE FOR QUESTIONS DURING PLAINTIFF'S DEPOSITION AND REQUIRING MINORS TO APPEAR FOR DEPOSITION ON MAY 1, 2018 |
| v. | |
| City of Fresno, et al., | |
| Defendants. | |

Following a police shooting in which Raymond Angel Gonzalez was killed, his mother and minor children brought this civil rights action pursuant to 28 U.S.C. § 1983. On March 7, 2017, the scheduling order issued and discovery is set to close on June 13, 2018.

On April 30, 2018, the parties appeared for the deposition of A.G.1 in this matter. Following Plaintiff's counsel directing his client not to answer questions, the parties contacted the Court and an informal telephonic discovery dispute conference was held. Humberto Guizar appeared for Plaintiffs and Bruce Praet appeared for Defendants.

Under Rule 30(c):

> An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a

1

motion under Rule 30(d)(3).

Fed. R. Civ. P. 30(c)(2).

It is usually not necessary to object on grounds of relevancy at a deposition and even when an irrelevant question is proffered it should be answered unless the questions are so pervasive that a motion under Rule 30 is appropriate. In re Stratosphere Corp. Sec. Litig., 182 F.R.D. 614, 618 (D. Nev. 1998). The irrelevancy of a question is not a ground for the witness to answer. Id. at 619. When objecting to an answer on the grounds of privilege, counsel should place his objection on the record followed by an explanation of the privilege invoked. Id.

The Court finds that Defendants have not demonstrated that questions regarding a 2012 fight in which the deponent was involved are relevant to the issues in this action and, given the minor's age, are too far removed to be discoverable. Defendant may not inquire into the 2012 fight.

However, as to questions regarding the 2014 burglary, 2016 robbery for which the minor is currently serving time in juvenile detention, and his knowledge of his father's gang membership, Defendants may inquire and Plaintiff's counsel may assert appropriate objections, but the deponent is required to answer absent an assertion of privilege. To assert privilege, the specific privilege must be stated on the record.

During the conference the issue was raised that two of the minor deponents were refusing to appear for depositions scheduled for May 1, 2018. While the Court is sympathetic that these depositions are emotional for the minors involved, the minors brought the claims in this action and Defendants are entitled to depose them. The discovery deadline is quickly approaching and Plaintiffs must submit to depositions. Accordingly, the minors are ordered to appear for the depositions scheduled for May 1, 2018.

Accordingly, IT IS HEREBY ORDERED that:

1. Defense counsel may not inquire into the 2012 fight in which the minor was involved;

2. The minor shall answer questions regarding the 2014 burglary, 2016 robbery for

which he is currently serving time in juvenile detention, and his knowledge of his father's gang membership; and

3. The minors shall appear for deposition as scheduled on May 1, 2018.

IT IS SO ORDERED.

Dated: __**April 30, 2018**__

UNITED STATES MAGISTRATE JUDGE