# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.G.1, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF FRESNO, ET AL.,<br><br>    Defendants. | Case No. 1:16-cv-01914-LJO-SAB<br><br>ORDER FOLLOWING INFORMAL HEARING ON DISCOVERY DISPUTE REGARDING DEFENDANTS' PENDING PETITION IN STATE COURT FOR JUVENILE RECORDS<br><br>(ECF Nos. 35-37) |

Currently before the Court is a discovery dispute between the parties that was the subject of an informal hearing held on November 9, 2018.

**I.**

**BACKGROUND**

Following a police involved shooting in which Raymond Angel Gonzalez was killed, his mother and minor children brought this civil rights action pursuant to 28 U.S.C. § 1983. The scheduling order, issued March 7, 2017, set the non-expert discovery deadline for June 29, 2018. (ECF No. 19.) On August 22, 2018, summary judgment was granted in favor of Defendants and this case was closed. (ECF No. 29.)

Following the close of discovery and entry of judgment, on November 6, 2018, the Court set an informal hearing via telephone conference call with the parties to discuss a discovery dispute. (ECF No. 35.) On November 7, 2018, the parties filed a joint informal discovery

1

dispute letter brief outlining the contentions of the parties. (ECF No. 36.) On November 9, 2018, the Court held an informal telephonic conference call with the parties. (ECF No. 37.) Humberto Guizar appeared on behalf of Plaintiffs, and Bruce Praet appeared on behalf of Defendants. (Id.)

According to the parties, Defendants sought certain records pertaining to the juvenile files of the Plaintiff minors in this matter, which Plaintiffs declined to provide. (Informal Discovery Dispute Letter Brief, ECF No. 36.) On May 16, 2018, Defendants filed motions for the release of such records in the state juvenile court system, utilizing the above-entitled action as cause for the release of such records. (Id. at 1, 4.) The motions requesting the juvenile records were denied by the juvenile court sometime after the discovery cutoff date of July 9, 2018. (Id. at 4.) On August 16, 2018, Defendants filed a motion for reconsideration in the juvenile court, which was set for hearing on October 15, 2018. (Id.) At the October 15, 2018 hearing, the juvenile court continued the hearing to November 15, 2018, to ensure proper service and notice to interested parties. (Id.)

The current discovery dispute hinges on whether it is proper for Defendants to continue pursuing such juvenile records through the pending state court motion. In summary, Plaintiffs argue it is illegal for Defendants to pursue such records in the juvenile court system utilizing the above-entitled action as cause for release of such records, when the discovery cutoff date has expired, and summary judgment has been granted. (Id. at 1-2.) Defendants argue that the Court no longer has jurisdiction over this matter given the entry of judgment and filing of the notice of appeal. (Id. at 4.) Defendants also argue the juvenile court hearing should move forward because the motions were filed before the close of discovery, the hearing is a separate state proceeding, there is a chance the action could be remanded in which case Defendants argue such records would then be necessary for impeachment purposes, and there is a danger the records could be purged before such time. (Id. at 3-4.)

**II.**

**DISCUSSION**

This Court generally has significant discretion and authority to control the conduct of

discovery.  Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery.").  Despite Defendants' contentions, this Court also retains jurisdiction over certain issues collateral to the entry of judgment and the pending appeal.  See, e.g., Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990); In re Exxon Valdez, 102 F.3d 429, 431 (9th Cir. 1996); Perry v. City & Cty. of San Francisco, No. 10-16696, 2011 WL 2419868, at *1 (9th Cir. Apr. 27, 2011).

Having considered the arguments of the Parties, the Court has determined that the proper course of action is to allow the state court hearing to be held as currently scheduled.  See R.S. v. Superior Court, 172 Cal. App. 4th 1049, 1053–55 (2009) ("A juvenile court has broad and exclusive authority to determine whether, and to what extent, to grant access to confidential juvenile records.")  While the discovery deadline has expired and judgment has been entered in this action, the state juvenile court can be made aware of the precise status of the federal proceeding, and can then determine whether there is sufficient good cause under the standards established for release of such records under state law.  Additionally, the Plaintiff has not addressed by what means the Court is to require Defendant to halt this process.  There has been no citation to what rule of procedure governs the Court's authority since the matter is not occurring in this court via a motion to compel under Fed. R. Civ. P. 37 or a motion to quash under Fed. R. Civ. P. 45.  Is Plaintiff asking for an affirmative injunction?  These issues were never addressed nor could plaintiff answer these questions at the informal hearing other the court has the ability to enforce its own orders.

Further, Plaintiff raised this concern at the eleventh hour and did not raise the issue with the Court in July 2018 when the motion for reconsideration was first filed nor before the first hearing in October 2018.  Instead, despite concerns of prejudice and improper conduct by the Defendants, the issue is first raised in this court approximately a week before the continued hearing in the juvenile Court.  For these reasons, the Court will require the parties to make the juvenile court aware of the procedural posture of the case.  The state court can either hold their case in abeyance until the Circuit decide Plaintiff's appeal, thereby, allowing defendant to preserve their request but avoiding disclosures or can order disclosure to which defendant is

1 bound by the terms of the protective order. If the latter is chosen, the Plaintiff can raise any issue 2 about the use of those documents at trial in the form of a motion in limine prior to trial asserting 3 that such documents were acquired after the discovery deadline. The trial judge then can make 4 an informed decision as to admissibility. While the Court agrees that it can enforce its orders 5 collateral to the appeal, the request here requires affirmative injunctive relief against the 6 Defendants and the Court does not chose to exercise this option for the following reasons. First, 7 Plaintiff was less than diligent in bringing this matter to the attention of the Court. Secondly, 8 affirmative injunctive relief would require this court to issue findings and recommendations to 9 the district judge, allowing at least 14 days for objections to be filed, and the district judge would 10 require time to decide the matter which would result in a decision issuing well beyond the time 11 limit for the juvenile court to decide the matter.

12 The Court shall direct the parties to ensure the state juvenile court is made aware of the 13 status of the above-entitled action at the hearing, and then the state court can decide whether 14 there is good cause to release the juvenile records. This Court does not decide at this time 15 whether any records released by the juvenile court would be admissible at trial, should the 16 pending appeal be successful and the case be remanded.

## III.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. At the hearing before the state juvenile court set for November 15, 2018, the Parties shall advise the juvenile court of the status of the above-entitled action regarding the entry of judgment and pending appeal, and shall advise the court that the court may wish to hold the motion in abeyance pending the resolution of the appeal before the Ninth Circuit; and

///
///
///
///

2. A decision regarding whether such records would be admissible at trial in the above-entitled action, if released by the state juvenile court, shall be left to the discretion and determination of the trial court at a later date, should the pending appeal be successful and the above-entitled action move forward into trial.

IT IS SO ORDERED.

Dated: **November 14, 2018**

UNITED STATES MAGISTRATE JUDGE

5