UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| A.G. 1, et al.,<br><br>                              Plaintiffs,<br><br>          v.<br><br>CITY OF FRESNO, et al.,<br><br>                              Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No.: 1:16-CV-01914-JLT-SAB<br><br>PRETRIAL ORDER<br><br><u>Deadlines</u>:<br>Supplemental Briefing: March 17, 2023<br>Exhibit Exchange: March 17, 2023<br>Exhibit Conference: March 31, 2023<br>Motions in Limine Filing: April 28, 2023<br>Oppositions to Motions in Limine: May 12, 2023<br>Exhibit Binder Submission: June 15, 2023<br>Trial Submissions: June 15, 2023<br><br>Jury trial: June 21, 2023 at 8:30 a.m., 3–5 days estimate |

On February 13, 2023, the Court conducted a final pretrial conference. Humberto Guizar and Christian Contreras appeared as counsel for Plaintiffs A.G. 1, A.G. 2, A.G. 3, and A.G. 4, minors by and through their Guardian ad Litem, Serena Uribe, as well as on behalf of Plaintiff R.A.G.J., a minor by and through his Guardian ad Litem, Amalia Alcantar. Bruce Praet appeared as counsel for Defendant Zebulon Price, an individual Fresno Police Officer. Having considered the parties' arguments, the Court issues this tentative pretrial order.

Plaintiffs bring this negligence against Fresno Police Officer Zebulon Price for his role in the shooting death of decedent Raymond Gonzalez. Plaintiffs argue that Defendant Price's pre-shooting tactics were negligent and proximately caused Plaintiffs' harms. The Plaintiffs are the decedent's children. Each Plaintiff seeks damages for the alleged wrongful death of their father.

1

**A.    JURISDICTION/ VENUE**

The parties stipulate that the Court has supplemental jurisdiction over the remaining state claim pursuant to 28 U.S.C. § 1367.  The parties agree the venue is proper pursuant to 28 U.S.C. § 1391 because, among other things, a substantial part of the acts or omissions complained of occurred in the Fresno Division of the Eastern District judicial district and because one or more of the defendants and plaintiffs reside in this judicial district.  *See* 28 U.S.C. § 1402(b).

**B.    JURY TRIAL**

This will be a jury trial, as timely requested by the parties.  The jury will consist of 8 jurors.

**C.    UNDISPUTED FACTS**

The following facts are undisputed.

1. At all times relevant to this lawsuit, Defendant Zebulon Price was acting under color of law and within the course and scope of his duties as a Fresno police officer.
2. This incident occurred on the afternoon of March 23, 2016, in the City of Fresno.

**D.    DISPUTED FACTS**

1. Whether Defendant Price was negligent.
2. Whether Defendant Price's pre-shooting tactics were negligent.
3. Whether any negligent pre-shooting tactics by Officer Price proximately caused any harm to Plaintiffs.
4. Whether decedent, Raymond Gonzalez, was comparatively at fault.
5. What damages, if any, were proximately caused by Defendant.
6. The paternity of Plaintiff, Angel Gonzalez.

**E.    DISPUTED LEGAL ISSUES**

At the pretrial hearing, the parties disagreed as to the impact or relevance of prior rulings that Defendant Price's conduct was objectively reasonable under a Fourth Amendment analysis.  The parties are directed to submit briefs on this issue by **March 17, 2023**.

**F.    DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE**

Both parties intend to file motions in limine regarding the evidence to be used at trial.  The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be

offered at trial. "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984); *Jonasson v. Lutheran Child and Family Services*, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. *Id*. The Court does not encourage the filing of motions in limine unless they are addressed to issues that can realistically be resolved prior to trial and without reference to the other evidence which will be introduced by the parties at trial.

**In advance of filing any motion in limine, counsel SHALL meet and confer to determine whether they can resolve any disputes and avoid filing motions in limine. Along with their motions in limine, the parties SHALL file a certification demonstrating counsel have in good faith met and conferred and attempted to resolve the dispute. Failure to provide the certification may result in the Court refusing to entertain the motion.**

Any motions in limine must be filed with the Court no later than **April 28, 2023**. The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the other party and filed with the Court no later than **May 12, 2023**. No replies will be permitted unless specifically requested by the Court. Upon receipt of any opposition briefs, the Court will notify the parties as to whether it will hear argument on any motions in limine prior to the first day of trial. The parties are reminded they may still object to the introduction of evidence during trial.

The following are disputed evidentiary issues that may be the subject of motions in limine:

**Plaintiffs**

The following are evidentiary issues anticipated by the Plaintiffs at this time based on review of the witness and exhibit lists. Plaintiffs anticipate filing motions in limine on these issues.

1. Plaintiff's criminal history, alleged bad acts, or any other prejudicial evidence should be excluded.
2. Decedent's criminal history, alleged bad acts, or any other information not known to Defendant Price should be excluded.

    3.      Certain opinions by George Williams, including opining on disputed facts as well as decedent's intent, should be excluded and Williams's testimony should be limited to pre-shooting tactics only.

**Defendant**

The following are evidentiary issues anticipated by the Defendant which will be the subject of motions in limine.

    1.      The presentation of any BWC video should be limited to real time.

    2.      Any reference to any prior shooting incident(s) involving Officer Price should be precluded.

    3.      Any expert's testimony should be limited to their opinions regarding pre-shooting tactics.

**G.**    **SPECIAL FACTUAL INFORMATION**

    1.      This is a negligent tactics by a peace officer, Defendant Price, case which Plaintiffs allege resulted in the death of Raymond Angel Gonzalez on March 23, 2016, in the City of Fresno.

    2.      Plaintiffs are claiming wrongful death damages. Medical expenses are not being claimed.

    3.      Plaintiffs are not claiming loss of financial support, only non-economic wrongful death damages.

    4.      Defendants agree that the scope of this case is limited to alleged negligent pre-shooting tactics, but dispute that any measure of damages could include wrongful death damages since the actual cause of death (i.e. use of deadly force) has already been deemed objectively reasonable.

    5.      Defendants contend that since trial in this matter is now strictly limited to the issue of whether Officer Price used negligent pre-shooting tactics, jury instructions and the special verdict form will need to be adjusted accordingly as set forth in Defendants' Trial Brief.

///

**H.     POINTS OF LAW**

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED AND DEEMED WAIVED.

**Plaintiffs' Points of Law.**

Plaintiffs agree that the only point of law at issue in this case is the negligence of Defendant Price.

**Defendants' Points of Law**

Based on the California Supreme Court's ruling in *Hayes v. Cnty. Of San Diego, 57 Cal.4th 622, 632 (2013)*, additional consideration of pre-shooting tactics may be considered as a part of the totality of circumstances. Although this additional factor was subsequently codified in *Calif. Penal Code 835a (2019)* and incorporated into CACI Model Instruction 441 in 2020, jury instructions will need to be in accordance with the law applicable at the time of this 2016 incident.

**H.     ABANDONED ISSUES**

All federal claims have been dismissed, leaving only a state-based negligence claim.

**I.     WITNESSES**

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

**The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria**:

    a.    The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

    b.    The witness was discovered after the pretrial conference and the proffering party makes the showing required below.

Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the Court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

    a.    The witness could not reasonably have been discovered prior to the discovery cutoff;

    b.    The court and opposing parties were promptly notified upon discovery of the witness;

    c.    If time permitted, the party proffered the witness for deposition; and

    d.    If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

**Plaintiffs' Witnesses**

1. Zebulon Price, Defendant
2. Roger Clark, Police Practices Expert
3. A.G. 1
4. A.G. 2
5. A.G. 3
6. A.G. 4
7. R.A.G.J
8. Amalia Alcantar
9. Christina Gonzalez

**Defendants' Witnesses**

1. Zebulon Price, Defendant
2. Walker Boston, Fresno PD
3. Richard Escalante, Fresno PD
4. Dr. Michael Chambliss, Forensic Pathologist
5. George Williams, Police Practices Expert

///

**L.   EXHIBITS, SCHEDULES AND SUMMARIES**

NO EXHIBIT, OTHER THAN THOSE LISTED IN ATTACHMENTS A & B, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

Plaintiffs' Exhibits are listed in Attachment A.

Defendants' Exhibits are listed in Attachment B.

1. **For a party to use an undisclosed exhibit for any purpose, they must meet the following criteria**:

    a.   The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

    b.   The exhibit was discovered after the issuance of this order and the proffering party makes the showing required below.

2. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the Court and opposing parties of the existence of such exhibits so that the Court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

    a.   The exhibits could not reasonably have been discovered earlier;

    b.   The court and the opposing parties were promptly informed of their existence; and

    c.   The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

3. The parties must exchange exhibits no later than **March 17, 2023**. On or before **March 31, 2023**, counsel **SHALL** meet and confer to discuss any disputes related to the above listed exhibits and to pre-mark and examine each other's exhibits. Any exhibits not previously disclosed in discovery **SHALL** be provided via e-mail or overnight delivery so that it is received by the above exhibit exchange deadline.

4. At the exhibit conference, counsel will determine whether there are objections to the admission of each of the exhibits and will prepare separate indexes; one listing joint exhibits, one listing the Plaintiffs' exhibits, and one listing Defendant's exhibits. In advance of the conference, counsel must have a complete set of their proposed exhibits in order to be able to fully discuss whether evidentiary objections exist. <u>Thus, any exhibit not previously provided in discovery **SHALL** be provided at least five court days in advance of the exhibit conference</u>.

5. At the conference, counsel shall identify any duplicate exhibits, i.e., any document which both sides desire to introduce into evidence. These exhibits **SHALL** be marked as a joint exhibit and numbered as directed above. Joint exhibits **SHALL** be admitted into without further foundation.

   a. **Plaintiffs' exhibits** will be pre-marked with numbers **beginning with 1** preceded by the designation **PX** (e.g. PX1, PX2, etc.).

   b. **Defendant's exhibits** will be pre-marked with numbers **beginning with 100** preceded by the designation **DX** (e.g. DX100, DX101, etc.).

   c. **Joint Exhibits** will be pre-marked with numbers **beginning with 200** preceded by the designation **JT** (e.g. JT/200, JT/201, etc.).

The parties SHALL number each page of any exhibit exceeding one page in length (e.g. JT/200-1, JT/200-2, JT/200-3, etc.).

6. If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered that is not fully legible, the Court may exclude it from evidence.

7. Each joint exhibit binder shall contain an index which is placed in the binder before the exhibits. The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

**INDEX OF JOINT EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE |
|---|---|---|
|  |  |  |

8. As to any exhibit which is not a joint exhibit but to which there is no objection to its introduction, the exhibit will likewise be appropriately marked, i.e., as PX1, or as DX101 and will be

8

indexed as such on the index of the offering party.  Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

9. Each exhibit binder shall contain an index which is placed in the binder before the exhibits.  Each index shall consist of the exhibit number, the description of the exhibit and the three columns as shown in the example below.

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OBJECTION OTHER |
|---|---|---|---|---|
|  |  |  |  |  |

10. On the index, as to exhibits to which the only objection is a lack of foundation, counsel will place a mark under the column heading entitled "Objection Foundation."

11. On the index, as to exhibits to which there are objections to admissibility that are not based solely on a lack of foundation, counsel will place a mark under the column heading entitled "Other Objections."

12. As to each exhibit which is not objected to in the index, it shall be marked and received into evidence and will require no further foundation.

After the exhibit conference, Plaintiffs and counsel for Defendant **SHALL** develop four complete, legible sets of exhibits.  The parties **SHALL** deliver three sets of their exhibit binders to the Courtroom Clerk and provide one set to their opponent, no later than **4:00 p.m.**, on **June 15, 2023.** Counsel **SHALL** determine which of them will also provide three sets of the joint exhibits to the Courtroom Clerk.

**M.    POST-TRIAL EXHIBIT RETENTION**

Counsel who introduced exhibits at trial **SHALL** retrieve the original exhibits from the courtroom deputy following the verdict in the case. The parties' counsel **SHALL** retain possession of and keep safe all exhibits until final judgment and all appeals are exhausted.

///

///

### N. DISCOVERY DOCUMENTS

It is not anticipated that any testimony will be submitted by way of deposition or other written discovery except for the purpose of impeachment or refreshing the memory of any witness.

### O. FURTHER DISCOVERY OR MOTIONS

The parties do not anticipate any further discovery.

The parties intend to file motions in limine. These motions will be heard two weeks before the trial, on **Monday, June 12, 2023**, with the following briefing schedule: motions in limine filed no later than **April 28, 2023**; oppositions due on **May 12, 2023**. No replies will be permitted unless specifically requested by the Court. The Court will vacate the hearing if the motions can be resolved by the briefing alone.

### P. STIPULATIONS

There are currently no pretrial stipulations.

### Q. AMENDMENTS/ DISMISSALS

All Defendants other than Defendant Zebulon Price have been dismissed.

### R. SETTLEMENT NEGOTIATIONS

The parties participated in an MSC with Magistrate Judge McAuliffe on February 22, 2022, without resolution and it does not appear that further settlement discussions would be beneficial.

### S. SEPARATE TRIAL OF ISSUES

At the pretrial conference, Plaintiffs' counsel indicated that they may seek bifurcated proceedings on the issues of liability and damages. Plaintiffs are permitted file a motion in limine or a motion for bifurcation by April 28, 2023 if they so desire.

### T. APPOINTMENT OF IMPARTIAL EXPERTS

None requested.

### U. ATTORNEYS' FEES

Given that this case is now limited to a single negligence claim, there is no basis for any potential award of attorneys' fees.

### V. TRIAL DATE/ ESTIMATED LENGTH OF TRIAL

Jury trial is set for **June 21, 2023 at 8:30 a.m.** before the Honorable Jennifer L. Thurston at the

Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, California. Trial is expected to last 3–5 days. The parties are advised that once the jury is selected, the Court's typical trial day will run from 8:00 a.m. through 1:30 p.m., with two extended rest break and no lunch break. The first day of trial, when the jury will be selected, will run from 8:30 a.m. until 4:30 p.m. **Counsel SHALL schedule their witnesses to avoid waste of the jury's time.**

**W.    TRIAL PREPARATION AND SUBMISSIONS**

**1.    Trial Briefs**

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any party wishes to file a trial brief, they must do so in accordance with Local Rule 285 and be filed on or before **June 15, 2023.**

**2.    Jury Voir Dire**

The parties are required to file their proposed voir dire questions, in accordance with Local Rule 162.1, no later than **June 15, 2023**. Each party will be limited to thirty minutes of jury voir dire, unless they show good cause for additional time.

**3.    Jury Instructions and Verdict Form**

The parties shall serve, via e-mail or fax, their proposed jury instructions in accordance with Local Rule 163 and their proposed verdict form on one another no later than **March 17, 2023**. The parties shall conduct a conference to address their proposed jury instructions and verdict form no later than **March 31, 2023**. At the conference, the parties SHALL attempt to reach agreement on jury instructions and verdict form for use at trial. The parties shall file all agreed-upon jury instructions and verdict form no later than **April 28, 2023** and identify such as the agreed-upon jury instructions and verdict forms. At the same time, the parties SHALL lodge via e-mail a copy of the joint jury instructions and joint verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

If and only if, the parties after genuine, reasonable and good faith effort cannot agree upon certain specific jury instructions and verdict form, the parties shall file their respective proposed (disputed) jury instructions and proposed (disputed) verdict form no later than **April 28, 2023** and identify such as the disputed jury instructions and verdict forms. At the same time, the parties SHALL lodge via e-mail, a copy of his/their own (disputed) jury instructions and proposed (disputed) verdict

11

form (in Word format) to JLTOrders@caed.uscourts.gov.

In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions or California's CACI instructions to the extent possible. All jury instructions and verdict forms shall indicate the party submitting the instruction or verdict form (i.e., joint, Plaintiff's, Defendant's, etc.), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the complete text of the instruction, and the legal authority supporting the instruction. Each instruction SHALL be numbered.

### X.   OBJECTIONS TO PRETRIAL ORDER

Any party may, within 14 days after the date of service of this order, file and serve written objections to any of the provisions set forth in this order. Each party is also granted 7 days thereafter to respond to the other party's objections.  Such objections shall clearly specify the requested modifications, corrections, additions or deletions.  If no objections are filed, the order will become final without further order of this Court.

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

### Y.   MISCELLANEOUS MATTERS

The courthouses of the Eastern District of California were closed to the general public for over a year as a result of the COVID-19 pandemic. Though the pandemic is currently receding, no one can predict whether it will remain in this posture, particularly given the evolving variants. Consequently, though public health precautions are constantly evolving, unless otherwise ordered by the Court, everyone in the courtroom **SHALL** wear a N95 or equivalent mask, which covers the nose and mouth. The Court will provide clear face masks for use by witnesses while testifying.

///

///

///

///

///

**Z.     COMPLIANCE**

Strict compliance with this order and its requirements is mandatory.  All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated:     **February 28, 2023**

UNITED STATES DISTRICT JUDGE

13

**Attachment A:  Plaintiffs' Exhibits**

The Plaintiffs' Exhibits are 1–100.

1. BWC Video from Price
2. Aerial Photograph – D000113
3. Aerial Photograph – D000120
4. Aerial Photograph – D000121
5. Scene Photograph – D000183
6. Scene Photograph – D000185
7. Scene Photograph – D000187
8. Scene Photograph – D000189
9. Scene Photograph (EV 1) – D000203
10. Scene Photograph (EV 1-1) – D000205
11. Scene Photograph (EV 2) – D000211
12. Scene Photograph (EV 2-1) – D000213
13. Scene Photograph (EV 3 & 4) – D000206
14. Scene Photograph (EV 5) – D000217
15. Scene Photograph (EV 5-9) – D000231
16. Photo of Price – D000731
17. Autopsy report without toxicology
18. Funeral Expenses
19. Photos of family for damages

**Attachment B: Defendants' Exhibits**

Defendants' Exhibits are 100-199. Defendants further reserve the right to introduce any additional exhibits for the limited purpose of impeachment, if necessary.

101. BWC video from Price
102. Photo of Price
103. Photo of Decedent [D00107]
104. Photo of Decedent [D001234]
105. Dispatch audio recording
106. Autopsy report with toxicology
107. AMR ambulance report
108. Gonzalez RAP sheet
109. Aerial Photograph [D000113]